UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WALLISHA BLAND, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-3200 |
| ) | |
| SETH BRAMWELL, et al., ) | |
|     Defendants. ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed by *pro se* Plaintiff Wallisha Bland.

### I.    SCREENING STANDARD

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. FACTS ALLEGED

Plaintiff complains of events that occurred at Logan Correctional Center ("Logan") from March 21, 2017, to present. Her Complaint identifies the following Defendants at Logan: Lieutenant Seth Bramwell, Dr. Risha Fennell, Major Amy Hickey, Warden Melinda Eddy, Assistant Warden Michael Long, Healthcare Unit Administrator ("HCUA") Shelby Russell, and Sergeant Spellman. Plaintiff also lists the Illinois Department of Corrections ("IDOC") and Wexford Health Sources, Inc. ("Wexford") as Defendants.

Plaintiff alleges that, on an unspecified date, she was having a "code 3." Defendant Bramwell was the lieutenant in her housing wing or unit, but Bramwell allegedly did not respond immediately to the "code 3." When Defendant Bramwell did respond, he allegedly sprayed Plaintiff with mace.

Next, Plaintiff alleges Defendant Hickey "maliciously tortured during heating advis[o]ry temperature 15 C wing" (*sic*). Plaintiff alleges Defendant Fennell "neglect[ed] to treat my medical illness at all" and "continue[s] to violate my medical care," while Defendant Russell "is not allowing me to have proper medical care." Plaintiff likewise accuses Wexford of not allowing her proper medical care.

Plaintiff complains Defendants Eddy and Long are responsible for incarcerating her in a "publicly condemned" facility. Similarly, Plaintiff alleges the IDOC is "accountable for not having proper treatment, holding me in and [*sic*] condemned facility, not insuring my saf[e]ty and security there," and "allowing [IDOC] staff to harrass [*sic*], torture, ass[a]ult" and "physically, mentally, emotionally abuse" her.

III.  ANALYSIS

Plaintiff's Complaint contains allegations against nine Defendants. As written, most of the allegations appear to be factually unrelated, consisting of an apparently isolated use of force by one staff member, complaints regarding the temperature or other housing conditions against other staff, and claims that others have denied her medical care for some unspecified medical condition(s).

But "a litigant cannot throw all his [or her] grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "Although it is acceptable for a plaintiff to bring multiple claims against a single party in the same case, a plaintiff cannot bring unrelated claims against different defendants in the same case." *Coombe v. Green Bay Corr. Inst.*, 2024 WL 1051084, at *2 (E.D. Wis. Mar. 11, 2024), *citing George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2)). More specifically:

> [A] plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."

*Wheeler*, 689 F.3d at 683, quoting Fed. R. Civ. P. 20(a)(1)(A).

Based upon Plaintiff's Complaint in its current form, the Court cannot discern which Defendant constitutes Plaintiff's "Defendant A," against whom Plaintiff may bring multiple unrelated claims—or whose actions give rise to a series of transactions or occurrences from which claims against other Defendants may also arise.

The Seventh Circuit has outlined several options available to the district court if one or more parties are misjoined. However, a plaintiff must be warned about the consequences of those options and must be given an opportunity to decide which option she prefers. *Dorsey v. Varga*, 55 F.4th 1094, 1107-08 (7th Cir. 2002).

> The court may strike the complaint and grant leave to replead. *See Perez* [*v. Fenoglio*], 792 F.3d [768,] 783 [(7th Cir. 2015)]. The court may dismiss improperly joined defendants if doing so will not prevent the plaintiff from timely refiling those claims. *See* Fed. R. Civ. P. 21 ("[T]he court may ..., on just terms, ... drop a party."); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (stating that a district court must not dismiss misjoined claims when there is a risk of "statute of limitations consequences"). Or the court may sever the case into two or more actions. Fed. R. Civ. P. 21. Because paying a second filing fee may impose a substantial financial burden on a prisoner, *see Taylor* [*v. Brown*], 787 F.3d [851,] 853–84 [(7th Cir. 2015)], the court should not sever claims without a plaintiff's consent or acquiescence. Instead, it should allow him to opt for partial dismissal rather than severance.

*Id.* at 1107.

Here, the Court will follow the Seventh Circuit's suggestion that "a district court faced with misjoined claims begin…by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem." *Id*. For the reasons outlined above, Plaintiff's Complaint consists of misjoined claims and is therefore dismissed without prejudice.

Plaintiff is granted an opportunity to file an amended complaint. If Plaintiff's amended complaint does not resolve the identified issues, the Court may set a deadline for Plaintiff to either dismiss certain Defendants or sever certain claims. *See Id.*

Finally, when filing her amended complaint, Plaintiff is reminded that sufficient facts must be provided to "state a claim for relief that is plausible on its face;" conclusory statements and labels are insufficient. *Alexander*, 721 F.3d at 422.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint [1] is DISMISSED without prejudice.**

2) **Plaintiff's deadline to file an amended complaint is 21 days from entry of this Order. If Plaintiff does not file an amended complaint by that deadline, this case will be dismissed.**

ENTERED May13, 2025.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE