UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WALLISHA BLAND,           ) | |
|     Plaintiff,           ) | |
|                           ) | |
| v.                        ) | Case No. 24-3200 |
|                           ) | |
| SETH BRAMWELL *et al.*,   ) | |
|     Defendants.          ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 7) filed under 42 U.S.C. § 1983 by Plaintiff Wallisha Bland, an inmate at Logan Correctional Center ("Logan").

## I.     Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Factual Allegations

Plaintiff's pleading names the following officials: Corrections Lieutenant Seth Bramwell, former Logan Warden Melinda Eddy, Physician Risha Fennell, Corrections Major Melinda Hickey, Assistant Warden Michael Long, Healthcare Administrator Shelby Russell, Corrections Sergeant Spellman, the Illinois Department of Corrections ("IDOC"), and Wexford Health Sources, Inc. ("Wexford").

Plaintiff asserts that Defendants Finnell and Russell neglected to treat her sickle cell anemia by refusing to refer Plaintiff to see her hematologist every three months as recommended. Instead, Plaintiff claims that Finnell has revised Plaintiff's referrals to once a year. Plaintiff also asserts that Fennell and Russell have refused to take her medical claims seriously and continually tell Plaintiff that she should instead file a grievance.

**C. Analysis**

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 7) is granted. The Clerk of the Court is directed to docket Plaintiff's Amended Complaint.

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to

draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Despite naming Defendants Bramwell, Eddy, Hickey, Long, and Spellman, Plaintiff does not mention specific acts or omissions that would permit the Court to infer that each committed a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiff also does not state a claim against the IDOC as § 1983 "provides a remedy for violations of federal rights committed by persons acting under color of state law." *First Midwest Bank Guardian of Estate of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). The IDOC is not a person within the meaning of § 1983. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("IDOC was properly dismissed because it is not a person subject to suit under § 1983."); *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding that a building, such as a jail or correctional facility, cannot be sued under § 1983).

Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as

well). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby [clarify] that municipal liability is limited to action for which the municipality is … responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff does not state a plausible claim against Defendant Wexford because Plaintiff does not allege any fact that establishes or permits the reasonable inference that a Wexford official policy or custom caused his injury. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) ("An official policy or custom may be established by means of an express policy, a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation.").

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that has both an objective and subjective part. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective part, a plaintiff must show that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective part, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* A "deliberate indifference" standard is used in the medical care context. *Estelle*, 429 U.S. at 104.

"A medical professional acting in his professional capacity may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (internal quotation marks omitted)).

Construing Plaintiff's account as accurate, the Court concludes that Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Fennell and Russell.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference claim against Defendants Fennell and Russell. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

3) **The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive deadlines.**

4) **If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding**

address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.

5) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

6) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.

7) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

9) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

10) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

11) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED December 22, 2025.

                                                    s/ *Colleen R. Lawless*
                                       _____
                                                COLLEEN R. LAWLESS
                                      UNITED STATES DISTRICT JUDGE